IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MIKE SETTLE,

    Petitioner,

vs.                                              No. 12-1206-JDB-egb

JERRY LESTER,

    Respondent.

ORDER TO MODIFY THE DOCKET,
ORDER ON PENDING MOTIONS,
AND
TO RESPOND TO PETITION PURSUANT TO 28 U.S.C. § 2241

On September 7, 2012, Petitioner, Mike Settle, Tennessee Department of Correction prisoner number 207584, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry ("D.E.") 1.) After Petitioner filed the required documents (D.E. 7), the Court issued an order on October 15, 2012, that, *inter alia*, granted leave to proceed *in forma pauperis*. (D.E. 8.) The Clerk shall record the respondent as WTSP Warden Jerry Lester.[1]

On November 26, 2012, Settle filed a motion for appointment of counsel. (D.E. 9.) "The constitutional right to counsel in

---

[1] The Clerk is directed to terminate former WTSP Warden Dwight Barbee as a party to this action.

criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding." Staple v. Lafler, No. 07-cv-12542, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010); *see also* Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (same, collecting cases).  There is no constitutional right to the appointment of counsel in civil cases and the Court has broad discretion in determining whether counsel should be appointed.  Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987); Miller v. Smith, No. 07-CV-14002, 2008 WL 283997, at *1 (E.D. Mich. Jan. 31, 2008).  "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."  Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2241 who are financially eligible whenever the court determines "that the interests of justice so require").  The appointment of counsel is mandatory only when an evidentiary hearing is required.  Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").[2]

---

[2] These Rules are applicable to habeas petitions under 28 U.S.C. § 2241.  Rule 1(b), § 2254 Rules ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

Hoggard, 29 F.3d at 471 (internal citations omitted).

Settle has not demonstrated that the appointment of counsel would be in the interest of justice at this time. He is an experienced litigator who has filed numerous challenges in state and federal court to his convictions and sentences. The motion for appointment of counsel is DENIED.

On January 23, 2013, Petitioner filed a Motion for Default Judgment. (D.E. 10.) That motion is meritless. Respondent has not been served with the Petition and an order to respond and, therefore, until today he had no obligation to answer the Petition.

The Federal Rules of Civil Procedure are applicable to habeas petitions only to the extent the practice in those proceedings "has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4)(B). The entry of default is governed by Rule 55(a), which "has no application in habeas corpus cases." Allen v. Perini, 424 F.2d 134, 138 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S. Ct. 147, 27 L. Ed. 2d 143 (1970). District courts may not enter default judgments in habeas cases without consideration of the merits of a prisoner's claims. Id. Therefore, the motion for a default judgment is DENIED.

Also on January 23, 2013, Settle filed a Motion for Transfer of Custody, which seeks a transfer to federal custody. (D.E. 11.) The motion is both premature and meritless. It assumes the Court will find that the State violated the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. app. 2. At this point, however, Petitioner's challenge to his Madison County convictions and sentences has not been proven. Moreover, even if Settle were to receive relief on the Madison County convictions, he still must complete his 25-year sentences for his Shelby County convictions, which were ordered to run consecutive to the sentence imposed in United States v. Settle, No. 99-10073-JDT (W.D. Tenn.). The motion to transfer custody is DENIED.

It is ORDERED, pursuant to Rule 4 of the § 2254 Rules, that Respondent file a response to the petition within twenty-three days. The response shall include the relevant portions of the state-court record.

It is further ORDERED, pursuant to Rule 4, that the Clerk shall send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within thirty days of service. He may request an extension of time to reply if his motion is filed on or before the due date of his response. The

Court will address the merits of the Petition or motion after the expiration of Petitioner's time to reply, as extended.

IT IS SO ORDERED this 10th_day of May, 2013.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE